# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENDELL WILLIAMS, #N83205, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00423-SMY |
| ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| SCOTT THOMPSON, ) | |
| WEXFORD, ) | |
| MYERS, ) | |
| C/O JOHN DOE 1, ) | |
| C/O JOHN DOE 2, ) | |
| C/O JOHN DOE 3, ) | |
| C/O JOHN DOE 4, ) | |
| CHRISTINE BROWN, and ) | |
| THOMAS LEHMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Lendell Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that corrections officers failed to protect him from being viciously attacked by his cellmate, resulting in serious head injuries. He also claims Pinckneyville officials deprived his liberty and property without due process and prescribed medicine that is banned by the Food and Drug Administration. He seeks monetary damages. (Doc. 1, p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails

1

to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff makes the following allegations: Plaintiff, who was not convicted of a crime involving violence, was celled with an inmate who is known for violent behavior. (Doc. 1, p. 5). Corrections officers at Pinckneyville routinely do not walk the cell house like they are supposed to and spend a majority of their time during the day talking with each other. (*Id.* at p. 6). Because they do not periodically check on the inmates, on October 20, 2018, after attempting to get the guard's attention, Plaintiff was attacked by his cellmate with a hotpot. (*Id.* at pp. 5, 6). He incurred extensive injuries that required ten staples in his head and multiple stiches on his face and lip. (*Id.* at p. 5). Following the incident, he was placed in solitary confinement for twenty days without a disciplinary ticket, incident report, or explanation. (*Id.*). While in segregation he lost all of his family pictures. (*Id.*).

Plaintiff is suffering from bipolar and depression and has been issued Remeron, a drug that is banned by the Food and Drug Administration and that has caused negative side effects, including internal bleeding. (*Id.* at p. 6).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

> **Count 1:** Eighth Amendment claim against Defendants for failing to protect Plaintiff from being attacked by his cellmate resulting in extensive head injuries.
>
> **Count 2:** Fourteenth Amendment claim against Defendants for placing Plaintiff in segregation for twenty days without the due process of law.
>
> **Count 3:** Fourteenth Amendment claim against Defendants for the deprivation of

> Plaintiff's property, his personal photos, while in segregation without the due process of law.

> **Count 4:** Eighth Amendment claim against Defendants for deliberate indifference to a serious medical need by treating Plaintiff's illness with a drug that has been banned by the Food and Drug Administration.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A(b) because Plaintiff does not mention any of the defendants listed in the case caption in the statement of his claim. Therefore, the Court is unable to discern what claims Plaintiff has against each defendant.

The reason that plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims is so defendants are put on notice of the claims brought against them and they can properly answer the Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff has not asserted any allegations against the defendants in his statement of claim, both defendants and the Complaint will be dismissed without prejudice.

However, Plaintiff will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.

## Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Plaintiff does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNTS 1, 2, 3,** and **4**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 5, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00423-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/8/2019**

                 *s/ Staci M. Yandle*
                 **STACI M. YANDLE**
                 **United States District Judge**